### NEW YORK, L. E. & W. R. R. Co. v. NANCY A. HARBER.

**1. GENERAL DENIAL OF MATERIAL ALLEGATIONS.**

A general denial of all material allegations of the petition would not be good against a motion to make more definite and certain, but where no such objection is taken the answer is sufficient to put in issue plaintiff's allegations as to injuries, their permanency, etc., and expenses incurred for care and nursing and physicians' bills.

**2. MARRIED WOMAN'S RECOVERY FOR CARE, ETC., DEFEATED.**

A husband is entitled to recover damages for expenses of care and physician's bills incurred by reason of injuries sustained by his wife through the negligence of others. Therefore, in an action by a woman for personal injuries against a railroad company, special declaration and denial having been made as to expense of care and physican's bills, though no mention is made of her being married, her right to recover will be defeated by evidence that she is married, inasmuch as judgment in such case would not bar the husband's right to recover on the same cause of action.

**3. SEPARATE ESTATE CAN ONLY BE EXPRESSLY CHARGED.**

Section 3108, Rev. Stat., et seq., 93 O. L. 132, expressly declares that the husband shall support his wife and provide her with necessaries, and though the wife may enter into contracts for her own benefit, or in regard to her separate property, she can only do so when it is shown that at the time of entering into the contract, she so intended, and had a separate estate to charge.

**4. RULE APPLIED IN ACTION FOR PERSONAL INJURY.**

A chose in action in the nature of a right of action against a railroad company for damages for personal injuries sustained by a married woman, is not such property as to which debts could attach. Nor can it be considered such separate estate as to give her the right to sue for care and physician's bills on account of such injuries, particularly where it does not appear that she expressly contracted and intended to charge her own estate therewith.

**5.** ORDINARY CARE DEFINED—ERRONEOUS CHARGE.

Ordinary care is that care which prudent persons, as a class, are accustomed to use, but a charge, in an action for personal injuries, to the effect that if the jury ascertained that an ordinarily prudent person would act, under the same circumstances, as the plaintiff acted, this would be ordinary care, is erroneous. Prudent persons do not always act with care and a charge thus restricted, to an individual act, does not correctly state the rule.

**6.** RULE AS TO PROXIMATE CAUSE.

Where it is understood that a woman in alighting from a passenger car was guilty of want of ordinary care in not using reasonable diligence to alight, yet if the servants of the railway company knew she was alighting and started the train, whereby she was injured, she would be entitled to recover, but a charge presenting the two as proximate causes, and that notwithstanding plaintiff might recover, would be erroneous.

**7.** SECTION 3108, REV. STAT., ET SEQ., NOT RETROACTIVE.

Section 3108, Rev. Stat., *et seq.*, as amended in 1887, 93 O. L., 132, placing a married woman on the plane of a *feme sole*, cannot be given retroactive effect or applied to causes of action which arose prior to its enactment.

**8.** RULE IN DEFINING LEGAL PRINCIPLES.

In defining legal principles, courts should be careful to give their true definition and signification. Loose expressions should not be employed.

HEARD ON ERROR.

LAUBIE, J.

The case of New York, Lake Erie and Western Railroad Company against Nancy A. Harber is a proceeding in error brought to reverse the judgment of the court below, founded upon a special and general verdict in favor of the plaintiff below, Nancy A. Harber.

It seems, by the record, she was a passenger upon the line of the defendant's road, or its leased line, the line from Youngstown to Cleveland, having purchased a ticket to carry her to Girard station on the evening in question, December 31, 1885; that upon this occasion, when undertaking to alight from the train at Girard, after the train had arrived there, while in the act of alighting, she was suddenly, by the sudden jerk forward of the train, thrown on her back and from the train, and received very material injuries, from which it is claimed she will never recover.

It is not worth while to notice the allegations of injuries contained in the petition. It is predicated, generally, upon the fact that the train did not stop there long enough, a reasonable time, to enable her to alight. And upon some other allegations of injuries in not affording her assistance in alighting and not sufficiently lighting the platform of the station.

But, perhaps it is only necessary to consider, in anything we may say, the first ground of negligence, as to the time which the train is alleged to have stopped at Girard station.

There are many other allegations in the petition, which concludes with one in regard to plaintiff's injuries being permanent; that she was injured in her health, and the use of her limbs, and has been put to great expense in being cared for—the physicians' bills, to her damage in the sum of $50,000.

So what they specially declare upon in this petition, is the right to recover for the expense which plaintiff incurred in being cared for, and for physicians' bills.

This allegation, if it needed any denial, is denied in the answer by the general denial of all material allegations of the petition. True, this

Railroad Co. v. Harber.

would not be a good denial if any exception had been taken to it by motion, to make more definite and certain, but otherwise the denial of all the material facts is sufficient.

The Supreme Court have already held that a general demurrer to such an answer can not be sustained, but that it is indefinite and uncertain by reason of the word "material," and may be made more definite and certain, that is, upon a motion; but no motion having been taken to it, it is regarded and as is a sufficient answer, so that the denial is sufficient with regard to this part of the case.

One of the errors claimed in the case is predicated upon this: The court charged the jury that plaintiff might recover for all damages she had sustained, and for expenses incurred by her in her care and treatment.

The court say, giving the least, "reasonable and proper expense which she may have incurred in relieving herself from the direct proximate result of such injuries, or that she may be obliged to incur in the future, if you find that such injuries will require to have care and treatment."

The court meant by this part of the charge, that the jury should take into consideration the expense of care and treatment, which of course is substantially that which is claimed and declared upon in the petition, for her care and for physicians' bills.

Nothing in the pleading would seem to indicate that Nancy A. Harber was a married woman, but it appears in the evidence that she was. They called upon her husband to testify to this, and he testified in regard to when he saw his wife first on this occasion, and the answer is in regard to his wife and her injuries, to the extent declared to him in the presence of their son James; and he also testifies that no physician was called until after he came home the next morning and found his wife in this condition.

From this, and from other parts of the record, it appears that Nancy A. Harber was a married woman who sought to recover these special damages, sums incurred by her for her care and treatment by reason of these injuries, and the objection to the charge is, that being a married woman, she was not entitled to recover for those expenses; that the husband would be entitled to that. And while we have no evidence of it, it was asserted in argument indirectly, that the husband had since commenced an action to recover for these very expenses, among other things.

It is evident, as a matter of simple justice, that if this defendant can be made liable to the plaintiff for these expenses, they ought not to be made liable to her husband also, and therefore, as a matter of justice, these instructions to the jury were erroneous; a portion of these damages should not be sustained unless the judgment would be a bar to the husband's right to recover for the same moneys.

And upon this proposition we think it is perfectly clear that the husband would not be barred in this way.

It is said in argument, that the court's attention being specially called to this by the exception, and undoubtedly it was from the record, that the court made answer that the statute of last winter, Sec. 3108, Rev. Stat. *et seq.*, placed a married woman on a plane with a *feme sole,* and that there was no longer any distinction, and therefore she had a right to recover for this expense.

That statute, of course, would have no application to this case, because this arose prior to the passage of that act and it can not have a retroactive effect and change the relations or the rights of these parties prior to its passage, but the act itself does not at all admit a change of rights as they existed previously between husband and wife. It does not undertake to provide that the husband shall not support his wife and provide her with necessaries, but it expressly declares that he shall, and not only that he shall, but that if he does not, third persons who do provide such necessaries have a right to recover from him; primarily the liability for necessaries for the support of the wife rests upon the husband and not upon the wife. It is true that the wife may enter into contracts for her own benefit, or in respect to her separate estate, that she may make contracts charging her separate estate with her debts, but she can only do that when it is shown that, at the time of the contract, she did at the time intend to charge her separate estate, and that she had a separate estate to charge.

In this case it does not so appear save and except her right to recover damages as against this railroad company; that of course, for the injury to her person, was her chose in action under the law of 1861, and the recovery therefor would be her separate, individual property, and over which her husband could exercise no control save with her consent.

While it may be said that she had this chose in action at the time when these services were rendered, it was simply one fact, unliquidated damages, indefinite, unsettled, and for which nobody might prosecute an action but herself. And it seems to us under the circumstances, a piece of property, if it may be so designated, that could not be charged with her debts at all, or until it had been reduced so that it was known that she had it. By judgment, then, it would become property that a creditor might reach ; prior to that time it would not, and what avail would it be to say that it was charged with her debts when a creditor could not establish a charge upon it; he could not enforce this right of action against this railroad company, could not bring a creditor's bill or do any thing in the nature of enforcing it, though he might, after reducing it to a certainty, establish a piece of property in the way of a judgment.

What is there in the record which attempts to show and support this allegation of the petition? If we look through the record we find nothing in it which in any manner tends to prove that she had contracted for these services for her care, nursing and for physicians' bills; there is nothing in the record to show it, or to prove that she had made any contract with anybody so as to charge her separate estate, if she had any, with its payment; on the contrary, there is evidence to show that the physicians were called at the instance and request of the husband. Perhaps there is no affirmative evidence of this, save as to one doctor; Dr. McGurdy declares in his evidence that he was called by her husband.

We therefore find, that there was nothing whatever in this record upon which the court below had the right to base such a charge or to allow the jury to assess such damages to the plaintiff. Therefore the court erred in giving it.

Another exception to the charge, is to the definition of "care," of ordinary care as applied to the conduct of the plaintiff upon the occasion in question.

It is claimed by the defendant below, with some show of reason, that the plaintiff herself had been guilty of negligence which contributed

directly to produce this injury, and therefore that she could not recover, and it became material that the jury should be specially instructed upon this proposition. They should have been instructed as to what degree of care was demanded and required of her, in her conduct, and also given a legal and proper definition of that care, so that they might understand and properly apply it to her actions.

The court defined "ordinary care" to the jury, after instructing them that plaintiff was obliged to use only ordinary care in proceeding to alight from the train after it had come to a stop, in this way:

"By the term 'ordinary care,' which the plaintiff should have exercised, it meant that degree of care which an ordinarily prudent person would have exercised under similar circumstances;" and that is repeated twice afterwards in the same language in the charge.

It is apparent from this reading, that if the jury ascertained that an ordinarily prudent person would act, under the same circumstances, just as the plaintiff did, then she exercised "ordinary care." Can that possibly be the rule? It refers to one single individual, a prudent person. And not as to how that prudent person ordinarily shall act, or was accustomed to act, but how he would act on a particular occasion.

It is evident, therefore, that a prudent person might have acted just as the plaintiff did, and yet both be guilty of gross negligence, because prudent persons do not always act with care. Prudent persons sometimes act negligently.

We have had occasion once before to comment upon the use of this language, which has been used in many cases. It is not the rule. It is not the measue; it is simply a loose way of expression by courts. In defining legal principles, courts should be careful to give their true definition and signification. And the rule is, and this is supposed to have been taken from the case which has so long established the rule in this state, Cleveland, C. & C. Ry. Co. v. Terry, 8 Ohio St. 570, 581, that "ordinary care is * * * that degree of care which persons of ordinary care and prudence;" taking them now, you see, as a class, "are accustomed to use and employ under the same or similar circumstances." It is that care which prudent persons are accustomed to use, taking them as a class, what they usually do, some courts say. "What they are in the habit of doing," as others say; but it comes back to the proposition as there defined, what they are accustomed to do, their usual rule, general rule of conduct, and it is well so, because, as I have said, it must be based upon the general rule of this class of persons. It is well known that those persons, although prudent in their general conduct, sometimes act negligently or carelessly, and therefore it can not be the measure, that an insolated case shall be used. The measure must be what the class are accustomed to do, and usually do do, and in this respect we find that the court erred.

There is a third exception taken to the charge which reads as follows: "It was her duty on that night to use reasonable diligence and promptness in getting off the car, so as not to unnecessarily detain the train, but if you find that the train on that night did in fact stop long enough to enable the plaintiff, using reasonable diligence and promptness on her part, under all the circumstances shown to exist to alight from the car before it started up, then the court says to you as matter of law that the plaintiff can not recover even if thrown by starting of the cars."

Well, that far it is well enough, because it simply declares that the jury would have to find that she did not exercise reasonable care, but he proceeds as follows:

"Unless it appears from the evidence that at the time of starting the train, those in charge of it had knowledge of the fact, or by the exercise of ordinary care on their part, could have known that the plaintiff was in the act of alighting."

That is, while the defendant might not have been negligent in not stopping its train long enough, and the plaintiff was negligent in not exercising reasonable care in hastening her departure, so as to alight before the train started, yet, if by the exercise of reasonable care on the part of defendant's servants, they could have ascertained she was alighting, then she might recover. That is, if each party was guilty of the want of ordinary care, the plaintiff might recover.

The court did not mean to give that charge, because he subsequently told the jury that if the plaintiff was guilty of negligence which contributed directly to produce her injuries she could not recover. It was simply in the use of those words without due reflection that the court committed this error. Evidently it was not designed to be of the character that it is; the effect of it is simply that if each party was guilty of the want of ordinary care, the plaintiff might recover.

As a matter of course, one part of the charge there could be no exception to, if it stopped there, that if the jury understood that plaintiff was guilty of the want of ordinary care in not using reasonable diligence to alight, yet, if the defendant's servants knew she was alighting, and started up the train, she would be entitled to recover. Undoubtedly that would have been the law and this court would not have felt called upon to disturb, but the court below did not stop there.

We have examined no other errors in this record, and reverse this judgment upon these.